9130

LONDON *ET AL.* v. SMITH.

(85 S. E. 772.)

Sales—Statute of Frauds—Purchase by Agent.—Where defendant applied to plaintiffs to buy a carload of cattle at a certain price, whereupon, not having such cattle, plaintiffs advised defendant that they would notify him in case they found one, which was done, whereupon defendant instructed the plaintiffs to purchase for him, which they did, advancing the price, and upon his refusal to pay therefor suing him for the amount, the statute of frauds was no defense, since it has no application to a case where an agent is directed to purchase goods for his principal.

Before Bowman, J., Abbeville, March, 1914. Affirmed.

Footnote.—Contracts authorizing one to purchase personal property for another not within the statute of frauds, see notes in 11 A. & E. Ann. Cas. 1000.

Action by W. A. London and J. T. Elder, partners trading under the name and style of London & Elder, against Enoch Smith. Judgment for plaintiffs, and defendant appeals.

I. Because the testimony shows that the transaction amounted to a sale of the cattle by the plaintiffs to the defendant, and therefore his Honor erred in refusing the motion made for a nonsuit at the conclusion of plaintiff's testimony, on the ground that here had been no note or memorandum in writing, or order offered in evidence signed by the defendant to bind the bargain, and that there was no evidence of any actual receipt of the goods and that the testimony showed that the amount was over fifty dollars.

II. Because his Honor erred in not directing a verdict in favor of the defendant, made at the close of all the testimony, on the following grounds:

"1. Because there is no note or memorandum in writing signed by the defendant to bind the bargain in this case." And,

"2. Because there is no testimony to show that the defendant accepted the cattle and actually received the same, and there is no testimony to show that anything was given to bind the bargain, and for these reasons the jury is instructed to find for the defendants," said requests being sound law, and the testimony offered entitling the defendant to have a verdict directed in his favor.

III. Because his Honor erred in refusing to charge the jury that the testimony offered showed a sale, and that unless the jury found that the cattle were actually delivered and accepted by the defendant, then the jury must find for the defendant.

IV. Because the presiding Judge erred in refusing to direct the jury to find a verdict for the defendant, the testimony showing that there was a contract for the sale of property of more than fifty dollars in value, and that

the same were never actually delivered to the defendant, and received by him.

V. Because his Honor charged the jury, and erred in so charging, that if the jury found that the plaintiff was the agent of the defendant, and that he acted in good faith, and delivered the property to the railway company as a common carrier, that was a delivery to the defendant, and the defendant would be responsible for any money that the plaintiff lost, and in charging them that whether such a contract was entered into by the plaintiffs and the defendant or not, the railroad is the common carrier. The error being that, unless there was a contract of agency, then there was no contract at all, and it was error in his Honor to charge the jury that delivery to a common carrier was delivery to the defendant, and said charge being further erroneous, in that delivery to a carrier is not delivery to the consignee in all cases, as it depends altogether on the contract between the parties, and his Honor erred in charging that delivery to the carrier in any case would make the defendant liable.

VI. Because his Honor erred in charging the jury that if they found that the plaintiff was the agent of the defendant, and that he, the plaintiff, acted in good faith, and delivered the property to the railway company as a common carrier, that was a delivery to the defendant, and the defendant would be liable for any money that the plaintiff lost, the error being, that the jury was instructed that if the delivery to the carrier was made in good faith the defendant would be liable to the plaintiff, regardless of whether the plaintiff had carried out his instructions or not, and absolutely without regard to the condition of the cattle, and absolutely without regard to the contract between the parties, even according to the testimony of the plaintiff himself, and it was error in his Honor to make the sole question of defendant's liability depend on the good faith of the agent in delivery of the cattle to any railroad company.

VII. Because his Honor erred in charging the jury, at the request of the plaintiffs, all through his charge, that if the plaintiffs acted in good faith the defendant would be liable, when it is respectfully submitted that is not the law of' agency, but in case a broker claims to have acted as agent of a party in the purchase of goods, it is incumbent on said broker to show, not only that he acted in good faith, but that he obeyed the instructions of his principal, and his Honor therefore erred in making the whole question depend upon the good faith of the plaintiffs.

VIII. Because his Honor erred in charging the jury at the request of the plaintiffs, the following proposition:

"II. That if the defendant in this case employed the plaintiffs as his agents to purchase certain cattle for him in Chattanooga, Tenn., to be delivered to him at Greenwood, South Carolina, and he was to pay a commission for their services in so purchasing the said cattle for the defendant, and if in carrying out instructions of the defendant to so purchase the said cattle, it was necessary for them to advance money for the account of the defendant in order to get the said cattle, and if they acted in good faith in the matter, in their transactions, then the defendant is liable to them for the sum so advanced, whether he received the cattle or not, or whether the cattle were of the grade he thought they ought to be or not. In such a transaction the plaintiffs would be the agents of the defendant, and if they acted in good faith, he would be bound by all the acts within the scope of their authority and the statute of frauds would have no application to such a case."

Said charge being erroneous, in that it made the liability of the defendant depend entirely on the good faith of the plaintiff regardless of whether they carried out the instructions of their principal or not, whereas, the law imposes the duty upon the agent to carry out the instructions of his principal, and it is respectfully submitted, that as between principal and agent, the principal is only bound to the agent,

when the agent carries out his instructions, and his Honor erred in ruling to the contrary.

IX. Because his Honor erred, throughout his charge in making the liability of the defendant depend entirely on the good faith of the plaintiffs, and to stress the point that the plaintiffs were entitled to recover if they acted in good faith, regardless of whether the plaintiffs carried out their instructions or not, whereas, the law of agency is, as between the principal and his agent, that the agent must carry out the instructions of the principal, must exercise the skill, judgment and care necessary to the prudent discharge of the agency, and must act with the highest good faith in the management of the principal's interest.

X. Because the testimony shows that the transaction in question was an attempted sale, and not an agency contract, and his Honor erred in not directing a verdict for the defendant upon that ground, and upon the further ground that there was no delivery to the defendant, and no acceptance by him, according to the statute of frauds, and his Honor erred in not so holding.

XI. Because his Honor erred in holding and charging the delivery to the common carrier was delivery to the defendant, when there was no testimony to show that there was any agreement to deliver to any particular carrier, and no delivery to a carrier was delivery to the defendant, in the absence of a contract to that effect, and his Honor erred in holding and charging to the contrary.

*Mr. W. N. Graydon,* for appellant, cites: *As to statute of frauds:* 95 S. C. 489; 36 S. C. 69. *Delivery to carrier:* 20 Cyc. 249; 2 Am. & Eng. Ann. Cas. 544. *Good faith or negligence of agent:* 31 Cyc. 1456, 1460.

*Mr. W. P. Greene,* for respondent, submits: *Statute of frauds has no application to purchase through agents:* 1 Rich. L. 204. *Good faith of agent:* Meacham on Agency, sec. 495; 31 Cyc. 1457.

July 13, 1915.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for the recovery of money, alleged to have been advanced by the plaintiffs, in the purchase of certain cattle for the defendant, which were delivered to the defendant at Greenwood, S. C., in accordance with the instructions of the defendant. The negotiations out of which the contract between the plaintiffs and the defendant arose, are thus stated in the complaint:

"That on and prior to January 20, 1911, the defendant, Enoch Smith, applied to the plaintiffs to purchase for him on commission a carload of medium price cattle, costing from 3½ to 3¾ cents. Not having any cattle which could be sold on that date, the plaintiffs advised the defendant that they would look out for a car of cattle such as he desired, and in case the same were found, he would be notified. On or about January 20, 1911, the plaintiffs located a car of cattle at Chattanooga, Tenn., which could be purchased at the price named, and immediately notified the defendant thereof, whereupon the defendant instructed the plaintiffs to purchase the same for him, and to ship the same to Greenwood, S. C."

The defendant denied the allegations of the complaint, and set up the statute of frauds as a defense. The jury rendered a verdict in favor of the plaintiffs for $384.25, the amount claimed, with interest, and the defendant appealed.

His Honor, the presiding Judge, construed the complaint as alleging a cause of action based upon agency, and not upon a contract of bargain and sale. He also charged the jury as follows:

"That if the jury find from the testimony in this case that the defendant instructed the plaintiffs to purchase for him a carload of cattle, and if the jury find that it was necessary for plaintiffs to advance moneys, for the account

of the defendant, in order to get such cattle, and if the jury find that the plaintiffs did so advance money for the benefit of the defendant, and if they find that the plaintiffs in such matter acted in good faith, without fraud, without unfair dealing, and without negligence, and if the jury find that when such cattle was tendered to the defendant he refused to receive it, then the plaintiffs would have the right to sell the said cattle, for the account of the defendant, to give him credit for the net proceeds, after the payment of all legitimate expenses. * * * While the contract sued on is the only one the plaintiffs can recover on, the jury is instructed that if they have proven the contract sued on, the statute of frauds has no application, and it makes no difference in this case whether the defendant received the cattle or not."

His charge to the jury that the statute of frauds was inapplicable to a cause of action, based on agency, is sustained by the case of *Bird* v. *Muhlinbrink,* 1 Rich. 199, 44 Am. Dec. 247, 30 S. C. L. 199.

The motions for nonsuit and for the direction of a verdict were properly refused, as there was ample testimony tending to sustain the allegations of the complaint.

The construction which the plaintiffs placed upon their contract with the defendant appears from the following letter:

"Atlanta, Ga., Jan. 25, 1911.

"Mr. Enoch Smith, Greenwood, S. C.—Dear Sir: You will find inclosed bill for car of cattle shipped you to Greenwood, S. C., tonight. We had some trouble about getting them shipped as the Seaboard road would not take them, as they would have to go by Augusta and be inspected.

"We bought this load of cattle. They are not quite as good as we expected, but very good butcher cattle. This is just what they cost us. We charged you $25.00 com. Now if these cattle look too light to you and do not make you any money, and you do not want to pay the com. write us and we will mail you a ck. as we do not want you to

lose on them.    We think you received good weight on them, as we weighed them after feed and water, and they lost less than 200.    Hope they will arrive in good shape and make you some money.    We did not want to draw a draft for the load, but we are loaded very heavy this week, having several drafts to take care of tomorrow.    We was compelled to draw as we could get credit for it in bank.    Now if this is not all O. K. let the draft come back, and mail us ck.    We will be in shape to take care of it if it returns, which is perfect satisfactory to us.

"Yours very truly,            London & Elder."

When the other exceptions are considered in connection with these rulings, and with the charge in its entirety, especially that portion hereinbefore quoted with approval, it will be seen that they can not be sustained.

Judgment affirmed.